No. 541

First Circuit

———

ROMANO v. LLANO DEL RIO CO. OF NEVADA

———

(December 30, 1929. Opinion and Decree.)
(March 5, 1930. Rehearing Refused.)
(March 31, 1930. Writ of Certiorari and Review Denied by Supreme Court.)

———

P. L. Ferguson, of Leesville, attorney for plaintiff, appellee.

J. I. Foster, of Leesville, attorney for defendant, appellant.

ELLIOTT, J.   On February 8, 1927, Frank Romano and Mary, his wife, became members of Llano Del Rio Company of Nevada, paying $1,400 in cash for the purpose. They signed at the same time, with the Llano Del Rio Company, an agreement of employment, the first stipulation in which was that Romano and wife agreed to work for Llano Del Rio Company for a period of one year, periods of sickness, etc., excepted; the Llano Del Rio Company compensation to be in such sums as may be determined on from time to time.

The second stipulation was that the said Llano Del Rio Company agreed to employ Romano and wife for one year from date of the agreement, paying such sums as might be agreed on from time to time; the first party to have full power at its discretion to determine the character and kind of employment, and to discharge the second party if it saw fit.

The agreement of employment contains a number of other stipulations. It concludes with the following:

"This is the only contract now existing between said parties relative to the subject matter of this instrument, and the said first party shall not be responsible for representations made, nor agreements not incorporated herein or attached hereto, unless by order of the Board of Directors of the Llano Del Rio Co., of Nevada."

The receipt for the $1,400 states that it is for membership in said company. The agreement of employment was attached to and made part of plaintiff's petition.

The plaintiff sues Llano Del Rio Company of Nevada, to recover the amount paid in by him. He alleges in his petition that he paid in the $1,400 to the Llano Del Rio Company for the purpose of purchasing stock in said corporation, with the specific understanding and agreement that, should your petitioner desire, he could at any time within twelve months from the receipt of his money demand a return thereof, and that the same would be returned to him.

The defendant denies that it is indebted to the plaintiff for the amount named, but admits that he deposited with it said amount, and avers, as its reason for not being indebted to him therefor and bound to return same, "that the defendant entered into a contract to perform continuous labor during the twelve months period, for the support of himself and family, upon the performance of which he, in that event, would be entitled to the return of his money at the end of twelve months. But that said plaintiff has violated his contract, in that he has refused to work, and is now indebted to defendant, as will hereinafter appear." It then brings forward a demand in reconvention against plaintiff for $2,096.94, based on doctor's bills for himself and daughter, merchandise account at the store, milk, meals for himself and family, house rent, lights, water, fuel, and credits plaintiff with $377 on account of labor by himself and wife.

The defendant filed an amended and supplemental answer in which the amount of its demand in reconvention was increased. The amended demand does not make any change in the original answer that requires special notice.

The defendant filed in this court an exception that plaintiff's petition and documents attached failed to set forth any cause or right of action. This exception is urged in its brief. The argument is that plaintiff has not in his petition alleged compliance on his part with stipulations in the agreement considered by defendant to be essential to his right to recover the $1,400.

The answer of the defendant covers this ground, coupled with the evidence introduced on the trial without objection, leaving no ground for its exception. The exception is overruled.

On the merits of the case, the defendant carries the burden of proving its defenses against plaintiff's demand for the return of his money. The agreement of employment is silent on this subject.

The evidence on the subject which we believe harmonizes with the intentions of the parties at the time the agreement was entered into does not support the defense. Accepting and acting on the testimony of the plaintiff as to the understanding that existed between the parties when he put in his $1,400, he has the right to withdraw and to have his money returned to him.

The agreement of employment stipulates that plaintiff was to be paid compensation for his labor from time to time, based on an agreement between the parties.

Defendant's witness admits that no agreement on this subject was ever entered into.

The amount credited to plaintiff by defendant in its demand in reconvention was fixed by defendant for the purpose of this defense. It is an arbitrary statement, done without consulting or the consent of the plaintiff.

The plaintiff was sick part of the time; his family required some medical attention; but the evidence satisfies us that the parties, in entering into the agreement in question, had in mind to work and live in a socialistic and community way. It was their plan that members were to perform and receive services in common with each other, matters for which defendant would now hold a reckoning and charge plaintiff.

Defendant had the right to terminate the agreement at any time. Defendant did not choose to terminate it. The plaintiff had the same right and has acted.

The lower court held that he was entitled to receive back from defendant the $1,400 paid into it.

The judgment is correct.

Judgment affirmed; defendant and appellant to pay the costs in both courts.